**THE PEOPLES BANK OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**GEOTO VANTERPOOL, Third Party Plaintiff**
**LESTER FORBES, Third Party Defendant**

Civil No. 516-1975

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

March 9, 1976

**HOFFMAN,** *Judge*

### MEMORANDUM OPINION

On October 30, 1975, a Judgment was entered in this matter by the Court (John D. Marsh, J.) in favor of the plaintiff against the defendant in the sum of $2,003.26 plus late charges of $57.20 and an attorney's fee in the sum of $100.00. Execution of said Judgment was stayed until the resolution of defendant's third-party claim against the third-party defendant.

The third-party complaint by the defendant (hereafter, "Vanterpool") against the third-party defendant (hereafter, "Forbes") and Forbes' counterclaim against Vanterpool arise out of a number of oral agreements between

Forbes and Vanterpool dating back to the fall of 1973. On September 11, 1973 Vanterpool signed a note to the plaintiff, Peoples Bank of the Virgin Islands, for the sum of $4,292.70 to be repaid in thirty monthly installments commencing October 20, 1973. This loan was the basis of the Judgment entered against Vanterpool in favor of Peoples Bank.

With the proceeds of this loan, Vanterpool paid off the balance due of approximately $1,200.00 on a 1970 Mustang owned by Forbes, and with the balance purchased a 1972 Chevrolet station wagon which was titled in Forbes' name. The purpose of putting the station wagon in Forbes' name was so that Forbes' taxi plates could be used. In return for these contributions it was agreed that Vanterpool would have full use of the 1970 Mustang for himself and that Forbes would operate the Chevrolet wagon as a taxi and split any proceeds with Vanterpool.

Two subsequent events, however, spoiled this amicable arrangement. In December of 1973, Vanterpool, who had possession of the 1970 Mustang, loaned it to his wife. Mrs. Vanterpool was involved in an accident which rendered the Mustang a total loss (except for scrap value). Mrs. Vanterpool was subsequently convicted of negligent driving for her part in the accident. The wreckage of the Mustang (which had had a value at the time of the accident of about $2,200.00) was sold by Forbes for $380.00. Forbes received all of this $380.00.

In December of 1974 Vanterpool was about to leave St. Thomas for New York and wished to extricate himself from his remaining obligation on the bank loan. Vanterpool arranged with Forbes for Forbes to take over the loan payments and for Vanterpool to relinquish his interest in the station wagon and in the proceeds from its operation. However, Forbes was not in a position to put up the initial cash needed to take over the loan payments and enlisted the

financial aid of one Mr. William Evans. Vanterpool and Forbes visited Mr. Evans at his office sometime in December of 1974 to make the arrangements. Evans loaned Forbes the money he needed upon the following arrangement: Forbes would bring his receipts for operating the taxi to Evans who would use these monies to pay operating expenses and repay the loan he had made to Forbes—the balance (if any) was to be used to pay off the bank loan and the insurance for the taxi. Evans accepted no responsibility himself for paying off Vanterpool's bank loan. Clearly, since Vanterpool was now "out of the picture," Forbes was to be liable for repaying the bank, even though such payments might be made through Evans. Several payments were made on the bank loan, but beginning in February 1975 the loan went into arrears. As of this date, Forbes still has possession of the 1972 Chevrolet station wagon in question.

██ The Court has no doubt that Vanterpool is entitled to judgment over against Forbes for the full amount of the Judgment entered against Vanterpool by Peoples Bank. The Court finds that Forbes agreed to assume the loan repayments for Vanterpool in return for Vanterpool's release of his interest in the ownership and operation of the 1972 Chevrolet wagon, and that Forbes failed to make such payments after February 1975.

██ With regard to Forbes' counterclaim for the damages done to the 1970 Mustang, the Court also has no doubt that Vanterpool is liable for some of the damages done by his wife. However, the Court believed Vanterpool's testimony that he had contributed approximately $1,200.00 (or 54.5% of the $2,200.00 value) toward the Mustang. The Court also believed Vanterpool's testimony that only Forbes had received any of the $380.00 received for the scrap value of the Mustang. Accordingly, Vanterpool shall be held liable for 45.5% of the damages

done to the jointly-owned car while the car was entrusted to Vanterpool's use. Accordingly, Forbes shall have judgment against Vanterpool in the amount of $828.10.

Defendant and third-party defendant shall bear their own costs and attorneys' fees.

Let Judgments enter accordingly.